IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GWENDOLYN J. WARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 1:21-cv-90-CG-B |
| | ) |
| HUNTSMAN ADVANCED | ) |
| MATERIALS LLC, | ) |
| | ) |
| Defendant. | ) |

## ORDER

This matter is before the Court on Defendant Huntsman Advanced Materials LLC's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 26), Plaintiff Gwendolyn J. Ward's Response thereto (Doc. 29), and Defendant's Reply (Doc. 30). For the reasons explained herein, the Court finds that Plaintiff's Second Amended Complaint is due to be dismissed.

**I. Procedural Background**

Plaintiff Gwendolyn J. Ward (hereinafter "Plaintiff") initiated this action on February 24, 2021 (Doc. 1). Plaintiff was a *pro se* litigant at the time of commencement, but she has since retained counsel. (*See* Doc. 1; Doc. 12). Defendant Huntsman Advanced Materials LLC (hereinafter "Defendant") filed a Motion to Dismiss Plaintiff's Complaint based on Lack of Jurisdiction, Insufficient Service of Process, and/or Failure to State a Claim upon which Relief can be Granted. (Doc. 8). By order of the Court, Plaintiff thereafter filed a Second Amended Complaint, which

1

alleges a single cause of action for racially based termination in violation of Title VII of the Civil Acts Right of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"). (Doc. 24). Defendant subsequently filed a Motion to Dismiss Plaintiff's Second Amended Complaint based on Lack of Jurisdiction, Insufficient Service of Process, and/or Failure to State a Claim upon which Relief can be Granted. (Doc. 26). The motion has been fully briefed and is ripe for disposition.

**II. Factual Background**

Plaintiff is an African American female who was employed by Defendant as a Chemist/Quality Control Engineer. (Doc. 24 ¶ 7). Plaintiff asserts that she was the only African American woman employed at Defendant's location in McIntosh, Alabama. *Id.* at ¶ 8. On April 14, 2020, Plaintiff came into close contact with a coworker who had been positively diagnosed with Covid-19. *Id.* at ¶ 9. According to Plaintiff, she was required to obtain Covid-19 testing and quarantine for fourteen days. *Id.* at ¶ 10. On April 17, 2020, Plaintiff began experiencing certain symptoms that she believed were attributable to Covid-19, but the test results obtained via nasopharyngeal swab were negative. *Id.* at ¶ 11. Plaintiff asserts that notwithstanding the negative result, she was considered clinically positive since she exhibited some Covid-19 symptoms. *Id.* On August 23, 2020, Plaintiff received another negative Covid-19 test result. *Id.* at ¶ 12. Plaintiff asserts that she submitted her medical documentation to Defendant's Human Resources Department on April 24, 2020, and she sought to return to work on May 1, 2020. *Id.* at ¶ 12. However, Plaintiff was still not feeling well on May 1, 2020. *Id.* at ¶ 13.

Shortly thereafter, Plaintiff asserts she applied, and was approved for, short-term disability. *Id.* at ¶ 13.

After she was approved for short-term disability, Plaintiff alleges that she was informed by Defendant's Human Resources department that she was going to be placed on administrative leave for her reported illness. *Id.* at ¶ 14. On May 14, 2020, Plaintiff was terminated from her position for allegedly lying about her medical condition. *Id.* at ¶ 15. Plaintiff asserts that Defendant offered her a termination package, which included an agreement that Plaintiff would not pursue potential claims under the Family Medical Leave Act of 1993 ("FMLA") and various other federal and state laws. *Id.* at 16. Plaintiff asserts that she refused to sign the agreement. *Id.* at ¶ 18.

Plaintiff alleges that, at the time of her illness, Defendant had seven other employees—six white males and one white female—who were either diagnosed with Covid-19 or quarantined with Covid-19 symptoms. *Id.* at ¶ 19. Plaintiff asserts that those seven white employees were not: (1) placed on administrative leave; (2) asked to seek protection under FMLA; or (3) terminated from employment. *Id.* at ¶ 20. Plaintiff contends that but for her race, she would not have been terminated, and allegedly lying about her illness was false and pretext to hide Defendant's racially motivated reasons for termination. *Id.* at ¶ 21. Thus, Plaintiff brought forth this action to pursue a claim arising under Title VII.

### III. Standard of Review

As a preliminary matter, Defendant's motion to dismiss posits that Plaintiff's claims should be dismissed pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(5), and 12(b)(6). In its Reply brief, Defendant withdrew its arguments under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(5). (Doc. 30 at p. 1). Accordingly, the remaining arguments will be analyzed only as pertaining to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)").

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face". *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Accordingly, Plaintiff must state facts that prod her claim "across the line from conceivable to plausible." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012) (citing *Randall v. Scott,* 610 F.3d 701, 707 n.2 (11th Cir. 2010) ("[C]omplaints...must now contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." (internal quotations omitted)). Plaintiff is required to provide "more than labels and conclusions, and a formulaic recitation of the elements of the cause of action will not do". *Twombly*, 550 U.S. at 555 (citation omitted). Therefore, in order to survive a

Rule 12(b)(6) motion to dismiss, "the complaint does not need detailed factual allegations, ... but must give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Randall v. Scott*, 610 F.3d 701, 705 (11th Cir. 2010) (citations and internal quotation marks omitted).

In analyzing a Rule 12(b)(6) motion to dismiss, the court must "construe the second amended complaint in the light most favorable" to Plaintiff. *Miyahira v. Vitacaost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013); *Keating v. City of Miami*, 598 F.3d 753, 762 (11th Cir. 2010) (the court, in reviewing the denial of a Rule 12(b)(6) motion to dismiss, based its determination, in part, upon "accepting the facts alleged in the complaint as true" and "drawing all reasonable inferences in the plaintiff's favor"); Bickley *v. Caremark RX, Inc.*, 461 F.3d 1325, 1328 (11th Cir. 2006) ("On a motion to dismiss, the facts stated in the appellant's complaint and all reasonable inferences therefrom are taken as true."). However, while factual allegations are construed in the light most favorable to the plaintiff, the court is not required to accept as true "conclusions without adequate factual support". *See Mamani v. Berzain*, 654 F.3d 1148, 1153 (11th Cir. 2011); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## IV. Legal Analysis

The dispositive issue, and the basis for Defendant's motion to dismiss, is whether or not Plaintiff's Title VII claim was properly administratively exhausted. It is well-settled that a plaintiff may not bring a Title VII lawsuit without first exhausting administrative remedies with the EEOC. *See, e.g., Wilkerson v. Grinnell*

*Corp.*, 270 F.3d 1314, 1317 (11th Cir. 2001) (citing *Crawford v. Babbitt*, 186 F.3d 1322, 1326 (11th Cir. 1999)).[1] This is a two-step process.

First, a Title VII claimant must file a charge of discrimination with the EEOC within 180 days of the alleged unlawful employment activity. *See Ledbetter v. Goodyear Tire and Rubber Co., Inc.,* 421 F.3d 1169, 1179 (11th Cir. 2005), superseded in part on other grounds by statute, Pub. L. No. 111-2, ¶ 3 ("For claims arising in so-called 'non-deferral' states, such as Alabama, to be timely, the applicable charge must have been filed within 180 days 'after the alleged unlawful employment practice occurred.'") (citation omitted); *Jones v. Dillard's, Inc.*, 331 F.3d 1259 (11th Cir. 2003). If the claimant does not file a timely charge with the EEOC, their Title VII claim is time-barred. *See Ledbetter*, 421 F.3d at 1178; *National R. R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002) ("A claim is time barred if it is not filed within these time limits."). Furthermore, "[t]he applicable period for filing an EEOC charge of discrimination does not begin to run until the employee receives unequivocal notice of an adverse employment decision." *Shi v. Montgomery*, 679 Fed.Appx. 828, 831 (11th Cir. Feb. 10, 2017) (citing *Stewart v. Booker T. Washington Ins.*, 232 F.3d 844, 849 (11th Cir. 2000)); *see also Green v. Brennan*, 136

---

[1] "When exhaustion of administrative remedies is a condition precedent to bringing suit, "a plaintiff must generally allege in his complaint that 'all conditions precedent to the institution of the lawsuit have been fulfilled.' " *See, e.g, Turner v. AMICO*, 2015 WL 7770232, at *4 (N.D. Ala. Dec. 3, 2015) (citing *Jackson v. Seaboard Coast Line R.R. Co.,* 678 F.2d 992, 1010 (11th Cir. 1983) (addressing a Title VII complaint and quoting Fed. R. Civ. P. 9(c)). Here, Plaintiff generally alleged in her Second Amended Complaint that she "timely filed her charge of discrimination within the 180 days of the occurrence of the last discriminatory act and within 90 days of the receipt of her right to sue letter issued by the EEOC." (Doc. 24 ¶ 6).

S. Ct. 1769, 1777 (2016) ("A [Title VII] ordinary wrongful discharge claim has two basic elements: discrimination and discharge … The claim accrues when the employee is fired. At that point—and not before—he has a 'complete and present cause of action.' So at that point—and not before—the limitations period begins to run.").

Second, the claimant must file her Title VII civil action within 90 days of receiving notice of the right to sue from the EEOC. *Cornett v. Alabama Department of Transportation*, 828 Fed.Appx. 565, 567 (11th Cir. Sept. 23, 2020) (citing *Stallworth v. Wells Fargo Armored Servs. Corp.*, 936 F.2d 522, 524 (11th Cir. 1991)).

In the instant case, Defendant argues that Plaintiff failed to timely file her EEOC charge within 180 days of her notice of termination. (Doc. 26 at pp. 7-9). The parties do not dispute that the date of Plaintiff's termination (i.e. the date of the alleged unlawful employment act) is May 14, 2020. (Doc. 25 ¶ 15; Doc. 26 at p. 8). Defendant, however, posits that Plaintiff did not file her EEOC charge until November 11, 2020, which is 181 days after Plaintiff's termination. In support of its contention, Defendant requests that the Court take judicial notice of the contents of Plaintiff's Charge of Discrimination with the EEOC (and other information from the Alabama Secretary of State Website). (Doc. 26 at p. 4; Docs. 26-1 to 26-3).

In response to Defendant's motion to dismiss, Plaintiff does not address the timing of the filing of the Charge of Discrimination or acknowledge Defendant's request for the Court to take judicial notice of it. Instead, Plaintiff avers that her

7

claim was timely filed since the EEOC did not indicate otherwise in its Dismissal and Notice of Rights letter. (Doc. 29 at p. 2).

### a. Judicial Notice of Plaintiff's EEOC Charge of Discrimination

Defendant contends that the court should take judicial notice of Plaintiff's EEOC Charge of Discrimination and records from the Alabama Secretary of State's Website. Generally, the court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. Fed. R. Civ. P. 12(d).  However, "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Furthermore, the Court may consider an extrinsic document if it is "(1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010) (citations omitted); *Day v. Taylor*, 400 F.3d 1272, 1276 (11th Cir. 2005) ("In this context, 'undisputed' means that the authenticity of the document is not challenged.").

Moreover, courts have found that an EEOC charge attached to a motion to dismiss may be considered where it was central to a complaint brought by a charging party, and the authenticity of the charge was not disputed. *See, e.g., Cochran v. Southern Co.,* 2015 WL 3508018, at *2 n.4 (S.D. Ala., June 3, 2015) (citing *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention,* 623 F.3d 1371, 1379 (11th Cir. 2010)); *see also Ramsey v. Greenbush Logistics, Inc.*, 2017 WL 6492608, at *1 n. 1 (N.D. Ala. Dec. 19, 2017) ("Here, the parties do not dispute the authenticity of Ramsey's initially filed EEOC charge.

8

Moreover, while Ramsey did not file his EEOC charge with this court, and his complaint does not reference the document, it is well-settled that prior to filing an ADA action in federal court, the ADA plaintiff must have 'timely filed' a charge with the EEOC. The court therefore concludes Ramsey's EEOC charge is "central" to his claim, and properly considered at the pleading stage without converting Greenbush's motion to dismiss into a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure." (internal citation omitted)). This exception also extends to an EEOC Right to Sue Letter. *Horne v. Potter*, 392 Fed. Appx. 800, 802 (11th Cir. Aug. 16, 2010) (finding consideration of exhibits attached to motion to dismiss, including EEOC right-to-sue letter, was proper because they were central to the plaintiff's claims and were undisputed and also finding that the Court could take judicial notice of documents because they were filed in the plaintiff's prior civil case).

Here, Plaintiff's EEOC Charge of Discrimination and Dismissal and Notice of Rights letter are unequivocally central to Plaintiff's claim, and neither document has been disputed by either party.[2] Thus, the court incorporates their contents to determine whether Plaintiff has alleged sufficient facts to state a claim under Title VII.

---

[2] The Court notes that Defendant's motion also requests judicial notice of the records provided by the Secretary of States website. The Court also takes judicial notice of those documents for the reasons discussed above.

### b. Timeliness of Plaintiff's EEOC Charge of Discrimination

In applying the aforementioned well-settled legal principles to the facts in the above-captioned case, it is evident that Plaintiff's EEOC Charge of Discrimination was not timely filed.

First and foremost, 29 C.F.R. § 1601.13(a) specifically states that charges filed with the EEOC "are timely filed if *received* by the Commission within 180 days from the date of the alleged violation." (emphasis added); *see also Taylor v. General Telephone Co. of Southwest*, 759 F.2d 437, 441-42 (5th Cir. 1985).

As discussed *supra*, the parties agree that Plaintiff was terminated on May 14, 2020. Plaintiff's EEOC charge was received on November 11, 2020, which is over 180 days from May 14, 2020. As such, the filing of Plaintiff's EEOC Charge of Discrimination is untimely.

Moreover, Plaintiff's assertion that the "EEOC would be in the best position to determine the timeliness of the claim being filed" is misplaced and incorrect. (Doc. 29 at p. 2). Indeed, case law—which Plaintiff's Response is completely devoid of—is contrary to such an assertion. The simple fact is that "EEOC findings are not binding with regard to subsequent discrimination suits in federal court." *Moore v. Devine*, 767 F.2d 1541, 1551 (11th Cir. 1985); *Danielle-DiSerafino v. Dist. School Bd. of Collier County, Florida*, 756 Fed.Appx. 940, 944 (11th Cir. Nov. 29, 2018) (per curiam) (stating "the district court was not required to defer to the EEOC's determination" in ADA case); *Young v. FedEx Exp.*, 432 Fed.Appx. 915, 917 (11th Cir. June 28, 2011) (stating that a district court "is not required to defer or make

reference to the EEOC determination"); *see also International Union of Elec., Radio, and Mach. Workers, AFL-CIO, Local 790 v. Robbins & Myers, Inc. et al*, 429 U.S. 229, 236 (1976) ("[I]n instituting an action under Title VII, the employee is not seeking review of the arbitrator's decision. Rather, he is asserting a statutory right independent of the arbitration process."). Accordingly, this court finds that Plaintiff did not timely file her EEOC claim within 180 days of being terminated.[3] Therefore, Plaintiff's Second Amended Complaint is due to be dismissed.

## V. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 26) is granted. Plaintiff's Second Amended Complaint is hereby **DISMISSED with PREJUDICE**.

**DONE** and **ORDERED** this 16th day of September, 2021.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] Though Plaintiff's EEOC charge was filed shortly after the passing of the 180-day deadline, "[b]y choosing what are obviously quite short deadlines, Congress clearly intended to encourage the prompt processing of all charges of employment discrimination." *Mohasco Corp. v. Silver*, 447 U.S. 807, 825 (1980). Similarly, determining at the outset whether Plaintiff complied with the imposed deadlines likewise results in prompt resolution of Plaintiff's claim. Thus, in this case, *not* deferring to the EEOC's findings is actually the best way to not unnecessarily wasting time or resources.